IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KLEHR, HARRISON, HARVEY,        :           CIVIL ACTION
BRANZBURG & ELLERS LLP,         :
                                :
       v.                       :
                                :
SPENCER TRASK SPECIALTY         :
GROUP, LLC                      :           NO. 08-2564

<u>MEMORANDUM AND ORDER</u>

McLaughlin, J.                              October 6, 2009


          This is a contract dispute brought by a law firm
against a former client over an alleged failure to pay a bill for
legal services.  It was removed to this Court on June 2, 2008,
and designated for non-binding arbitration under this Court's
Local Rule 53.2.  In the intervening sixteen months, arbitration
and pre-arbitration discovery have been repeatedly delayed
because of difficulties that the defendant, Spencer Trask
Specialty Group, LLC, ("Spencer Trask Specialty"), has had in
retaining counsel.

          On September 15, 2009, the Court ordered Spencer Trask
Specialty to obtain new counsel by September 29, 2009, and warned
that if counsel were not retained, the Court would consider the
plaintiff's motion for discovery sanctions, which sought to
strike Spencer Trask Specialty's defenses and have judgment
entered in the plaintiff's favor.  In a letter dated September
30, 2009, Spencer Trask Specialty informed the Court that it

would not be able to obtain counsel to represent it in this action, but asked that sanctions not be imposed.  After considering the parties' arguments and the factors set out in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Court concludes that judgment should be entered against the plaintiff and in favor of the defendant.

I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This action was filed by plaintiff Klehr, Harrison, Harvey, Branzburg & Ellers LLP ("Klehr Harrison") in the Court of Common Pleas of Philadelphia County on April 28, 2008.  The complaint alleged that defendant Spencer Trask Specialty had breached a contract for legal services with Klehr Harrison by failing to pay an invoiced amount of $94,432.23.  The complaint also sought interest of 1% per month, as allowed under the parties' contract, amounting to an additional $4,077.94 as of April 28, 2008, for a total of $98,510.17.  Compl. ¶¶ 3-9.

Spencer Trask Specialty removed the case to this Court on June 2, 2008, on the basis of diversity jurisdiction.  On its own motion, the Court required supplemental submissions by the parties concerning the citizenship of each defendant.  In a Memorandum and Order, filed under seal on August 22, 2008, the Court found that it had jurisdiction over this action and, in a

subsequent order issued November 19, 2008, scheduled this case for an arbitration hearing to take place on March 19, 2009.

On December 30, 2008, counsel for Spencer Trask Specialty moved to withdraw.  After a hearing on January 21, 2009, the Court granted counsel leave to withdraw and referred the case for a settlement conference.

On February 10, 2009, Klehr Harrison moved to compel responses from Spencer Trask Specialty to its interrogatories and requests for production, which had been served December 24, 2008, but to which Spencer Trask Specialty had not responded.  The Court granted the motion on February 11, 2009, ordering Spencer Trask Specialty to respond on or before February 23, 2009.  On February 25, 2009, Klehr Harrison moved for sanctions because Spencer Trask Specialty had failed to respond to discovery and had failed to produce a 30(b)(6) witness who had been noticed for a deposition on February 23, 2009.

The Court held a status conference with counsel for the plaintiff and a representative of Spencer Trask Specialty on March 13, 2009, to discuss the motion for sanctions.  After the conference, the Court postponed the scheduled arbitration hearing for sixty days to allow defendant Spencer Trask Specialty to obtain counsel and respond to discovery.  The Court denied Klehr Harrison's motion for sanctions, but did so without prejudice to its ability to file a later sanctions motion if Spencer Trask

Specialty continued to fail to respond to discovery.  The arbitration hearing was subsequently rescheduled for May 19, 2009.

On May 11, 2009, Klehr Harrison filed a second motion for sanctions on the ground that Spencer Trask Specialty had failed to comply with this Court's Order of March 13, 2009, because no counsel for Spencer Trask Specialty had as yet entered their appearance and Spencer Trask Specialty had still not responded to Klehr Harrison's interrogatories or requests for production or produced a witness for a 30(b)(6) deposition.  As a sanction, Klehr Harrison sought entry of judgment in its favor in the amount of $98,510.17.

The Court held telephone conferences on May 12 and May 15, 2009, to discuss the issues raised by Klehr Harrison's sanctions motion.  The May 12, 2009, conference was attended by counsel for Klehr Harrison and a representative and an in-house lawyer for Spencer Trask Specialty.  At that conference, the representatives for Spencer Trask Specialty stated the company's desire to proceed with arbitration.  The Court explained that, because Spencer Trask Specialty was an artificial entity, it could not appear pro se in federal court, but could appear only through licenced counsel.[1]  Because in-house counsel for Spencer

---

[1]   See <u>Rowland v. Cal. Men's Colony</u>, 506 U.S. 194, 201-02 (1993) (corporations and other artificial entities may appear in the federal courts only through licensed counsel); <u>U.S. v.</u>

Trask Specialty was not licenced in this district, the Court explained that it would have to retain local counsel before in-house counsel could appear <u>pro hac vice</u>.[2]

The representatives for Spencer Trask Specialty stated that they were unsure whether the company could afford to retain counsel, as it was now insolvent.  The Court noted that Spencer Trask Specialty would have to make a business decision as to whether its continued defense of this action was worth the cost of the required counsel.  The Court adjourned the May 12 teleconference to allow Spencer Trask Specialty to consider the issue and scheduled another conference on May 15.  The Court warned in closing that Spencer Trask Specialty had "to see what you all want to do, knowing that if I don't get counsel and this time keeps going, you're eventually going to get a judgment against you because I'm not going to have a choice."  5/12/09 Tr. at 17.

At the subsequent call on May 15, 2009, counsel for both parties told the Court that Spencer Trask Specialty had provided some documents in response to Klehr Harrison's outstanding requests and was preparing responses to interrogatories, but that Spencer Trask Specialty intended to

<u>Cocivera</u>, 104 F.3d 566, 572 (3d Cir. 1996).

[2]      <u>See</u> Local Rule 83.5.2.

obtain counsel, but would be unable to do so before the scheduled arbitration date.  At the parties' suggestion, the Court entered an order on May 15, 2009, postponing the arbitration and giving Spencer Trask Specialty one week to obtain counsel and stating that, if counsel were not retained, the Court would proceed to decide Klehr Harrison's motion for sanctions.

New counsel for Spencer Trask Specialty entered his appearance on May 21, 2009, and the Court held another status conference with counsel on May 28, 2009.  After this conference, the Court entered an order requiring Spencer Trask Specialty to respond to discovery on or before June 19, 2009, requiring Spencer Trask Specialty's 30(b)(6) witness to be deposed on or before July 6, 2009, and scheduling arbitration for the last week of July.  In this order, the Court denied Klehr Harrison's pending second motion for sanctions as moot in light of the parties' agreed-upon discovery schedule.

On July 7, 2009, the arbitration was rescheduled for mid-August at the request of Klehr Harrison's counsel, because of scheduling conflicts in arranging the deposition of Spencer Trask Specialty's 30(b)(6) witness.

On July 31, 2009, Spencer Trask Specialty's new counsel moved to withdraw because of a dispute over payment for his

services.[3]  The Court held a hearing on the motion on August 19, 2009, after which the Court again postponed the scheduled arbitration.  Because counsel represented to the Court that the parties were close to reaching a settlement, the Court denied the motion to withdraw on August 28, 2009, without prejudice to it being reasserted should settlement negotiations fail, and ordered the parties to report on the status of the settlement negotiations within a week.

On August 31, 2009, the Court held another telephone conference with counsel to discuss the status of settlement negotiations.  Both counsel informed the Court that Klehr Harrison had proposed as a settlement the entry of a consent judgment against Spencer Trask Specialty in an amount less than the $98,510.17 sought in the lawsuit.  Spencer Trask Specialty had initially indicated such a proposal would be acceptable, but had subsequently decided to reject the offer.[4]

The Court issued an order on August 31, 2009, reviving defense counsel's motion to withdraw and setting a hearing for the motion on September 14, 2009.  In the order, the Court stated

---

[3]     The basis for the motion to withdraw is not stated in the motion itself, but was described in general terms on the record at the hearing on the motion held September 14, 2009. 9/14/09 Tr. at 4-5.

[4]     The settlement negotiations were discussed on the record at the September 14, 2009, hearing on defense counsel's motion to withdraw.  9/14/09 Tr. at 7-8.

that, if it granted defense counsel's motion to withdraw, Spencer Trask Specialty would have to obtain new counsel in order to continue to defend itself, and if it "cannot or will not retain counsel to represent it, or otherwise cannot proceed with this case, then the Court will enter a default judgment against it for the full amount of the plaintiff's claim."

The Court held a telephonic hearing on the motion to withdraw on September 14, 2009, with counsel for the plaintiff and both defense counsel and a representative for Spencer Trask Specialty.  After the hearing, the Court granted defense counsel leave to withdraw and ordered Spencer Trask Specialty to obtain counsel on or before September 29, 2009.  If new counsel were not retained, the Court said it would consider the plaintiff's Motion for Sanctions, filed on May 11, 2009, which sought as sanctions a judgment in the plaintiff's favor.

On September 30, 2009, a representative of Spencer Trask Specialty wrote the Court, stating that "due to financial constraints" including "the nature of the complaint, involving open-ended costs, resources of the plaintiff and lack of prospect for expense recovery," it would not be able to retain new counsel.  The letter asked that, in considering Klehr Harrison's motion for sanctions, the Court take account of the efforts that Spencer Trask Specialty took in the litigation to defend itself,

-8-

including its expense in retaining counsel, and what it believes
to be a meritorious defense to the plaintiff's claims.[5]


II.  <u>ANALYSIS</u>

          Rule 37 of the Federal Rules of Civil Procedure
authorizes a district court to enter a default judgment as a
sanction against a party who fails to obey an order to provide or
permit discovery.  Fed. R. Civ. P. 37(b)(2)(A)(vi).  Rule 55
permits a default judgment to be entered when a party "against
whom a judgment or affirmative relief is sought has failed to
plead or otherwise defend."  Fed. R. Civ. P. 55(a),(b); <u>Hoxworth</u>
<u>v. Blinder, Robinson & Co., Inc.</u>, 980 F.2d 912, 918-19 (3d Cir.
1992).

          Both of these rules are implicated by Spencer Trask
Specialty's conduct here.  Spencer Trask Specialty has failed to
produce a 30(b)(6) witness for deposition, despite being required
to do so by the Court's May 28, 2009, Order.  Spencer Trask
Specialty has also failed to obtain counsel to represent it in
this matter, despite being ordered to do so in this Court's Order
of September 15, 2009.  In addition, Spencer Trask Specialty has
told the Court in its letter of September 30, 2009, that it has
no prospect of being able to obtain counsel.  The failure to

---

          [5]   The September 30, 2009, letter does not appear to have
been copied to counsel for Klehr Harrison and the Court will
therefore have it docketed of record.

obtain counsel effectively prevents Spencer Trask Specialty from defending itself in this matter, because, as an artificial entity, it can appear in federal court only through licenced counsel.  <u>Rowland</u>, 506 U.S. at 201-02.

In considering whether to grant a default judgment as a sanction under Rule 37 or 55, a district court is required to consider the factors set out in <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984).  <u>See</u> <u>Hoxworth</u>, 980 F.2d at 919 (applying <u>Poulis</u> to order granting default judgment as a sanction under Rule 55); <u>Ali v. Sims</u>, 788 F.2d 954, 957-58 (3d Cir. 1986) (applying <u>Poulis</u> to sanction order under Rule 37 deeming certain facts admitted and granting partial summary judgment).  The six factors set forth in <u>Poulis</u> are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

<u>Id.</u>, 747 F.2d at 868.

The first factor is met here.  Spencer Trask Specialty's failure to produce a 30(b)(6) witness and its failure to retain counsel are a result of its own decisions, not those of

-10-

its counsel.  Spencer Trask Specialty is therefore personally
responsible for the conduct at issue.

        The second, third, and fourth <u>Poulis</u> factors are also
met here.  Spencer Trask Specialty has shown a history of
dilatoriness in this litigation.  Klehr Harrison served discovery
requests in late December 2008 which were only responded to, in
part, in mid-May 2009, after a motion to compel and two motions
for sanctions had been filed.  The 30(b)(6) deposition of Spencer
Trask Specialty, first scheduled for late February 2009, has
still not taken place, despite the May 28, 2009, Order requiring
a witness be produced.  Spencer Trask Specialty's initial counsel
was granted leave to withdraw in January 2009, and the Court
extended discovery deadlines in March 2009 to allow new counsel
to be obtained.  Spencer Trask, however, did not obtain
replacement counsel until May 2009, after Klehr Harrison had
moved for sanctions for failure to do so.  After its replacement
counsel moved to withdraw at the end of July 2009, Spencer Trask
Specialty failed to obtain new counsel or provide grounds for
denying the motion to withdraw.

        The Court does not find on this record that Spencer
Trask Specialty's dilatory conduct was taken in bad faith, but it
does find that the conduct was willful.  In March, Spencer Trask
Specialty stated that its delays in responding to discovery were
caused by its difficulties in retaining counsel.  3/13/09 Tr. at

-11-

4-5.  Yet, despite being granted a sixty-day extension of
discovery to allow it to retain counsel, Spencer Trask Specialty
failed to obtain replacement counsel until after the plaintiff
moved for sanctions and the Court had conducted two telephone
conferences with the parties.  After replacement counsel moved to
withdraw, Spencer Trask Specialty's representative indicated that
the company was no longer "willing to invest more money" in the
litigation.  9/14/09 Tr. at 6.  In its representative's letter to
the Court of September 30, 2009, Spencer Trask Specialty states
that it has sought to retain replacement counsel but has been
prevented from doing so by "financial constraints."  The Court
finds that Spencer Trask Specialty has made a decision not to
obtain new counsel and that it has done so understanding the
consequences of that decision.  In so doing, it has acted
willfully.

       The Court finds that the delay caused by Spencer Trask
Specialty has prejudiced the plaintiff.  Arbitration in this
matter was originally scheduled for March 19, 2009, six months
after the Court issued its Memorandum and Order finding that it
had subject-matter jurisdiction to proceed, as contemplated by
Local Rule 53.2(4)(A).  Because of Spencer Trask Specialty's
inability to fully respond to discovery or to retain counsel to
defend itself, the arbitration has not yet taken place.  This
delay has prevented Klehr Harrison from proceeding to a

determination on the merits of its lawsuit and has consequently caused it prejudice.

The fifth Poulis factor, the availability of alternative sanctions, also weighs in favor of granting an entry of judgment in the plaintiff's favor.  As discussed above, and as explained to the parties by the Court in several conferences, Spencer Trask Specialty cannot proceed pro se in this matter and, in order present a defense, must be represented by licenced counsel.  Despite this, Spencer Trask Specialty has stated that it cannot retain counsel.  The Court therefore believes no lesser alternative sanction is available to remedy the defendant's inability to present a defense.

The final Poulis factor, the meritoriousness of Spencer Trask Specialty's defense, is the only consideration that does not clearly weigh in favor of entry of judgment.  Spencer Trask Specialty has asserted that it is not responsible for the legal fees claimed by Klehr Harrison because it was not Klehr Harrison's client, because it did not agree to pay the fees at issue, and because Klehr Harrison had an impermissible conflict of interest that invalidates its claim.  See Answer ¶¶ 50, 54; Def. Statement in Response to Court's June 9, 2008, Order (Docket No. 5) at 1.  Because discovery has not been completed and neither party has presented the merits of its claim, the Court cannot determine the strength of Spencer Trask Specialty's

-13-

defense.  This factor, therefore, neither weighs in favor or against granting sanctions here.

Considering all these factors together, the Court finds that sanctions in the form of an entry of judgment against Spencer Trask Specialty are warranted under both Rule 37 and Rule 55 of the Federal Rules of Civil Procedure.  The Court will therefore grant plaintiff Klehr Harrison a default judgment in the requested amount of $98,510.17 against defendant Spencer Trask Specialty.

An appropriate Order will be issued separately.